1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8

9  RICHARD OCHOTORENA,                    CASE NO. 1:05-cv-01524-DLB-LJO PC
                                          FINDINGS AND RECOMMENDATIONS
10                    Plaintiff,          RECOMMENDING DEFENDANT'S MOTION
                                          TO DISMISS BE GRANTED IN PART
11        v.
                                          (Doc. 29)
12  D.ADAMS, et al.,

13                    Defendants.
                                    /
14

15  I.        Findings and Recommendations Addressing Defendant's Motion to Dismiss

16            A.        Procedural History

17            Plaintiff Richard Ochotorena ("plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

19  plaintiff's complaint, filed November 30, 2005, against defendants D. Adams, J. Reynosa, K.

20  Curtiss, H. Duncan, J. Fambrough, K. Kalkis. J.M. Astorga, P.A. Rodriguez and Lane

21  ("defendants").  On April 16, 2007, defendants filed a motion to dismiss for failure to exhaust.  Fed.

22  R. Civ. P. 12(b).  Plaintiff filed an opposition on May 30, 2007 and defendants filed a reply on June

23  7, 2007.

24            B.        Legal Standard

25            Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

26  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

27  confined in any jail, prison, or other correctional facility until such administrative remedies as are

28  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

1

administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.   Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control and still referred to herein as the State Board of Control, no more than

2

six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2007).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  A plaintiff must file a petition for relief within six months of the Board's rejection.  Cal. Gov't. Code § 946.6(b).

Defendants argue they are entitled to dismissal of claims three, four and five because plaintiff failed to exhaust the inmate appeals process with regard to these claims.[1]  Defendants also move dismissal of plaintiff's sixth claim on the grounds that plaintiff failed to comply with the California Tort Claims Act.  In support of their motion, defendants submit evidence that plaintiff's claims regarding (1) his legal property (Claim 3); (2) his mail (Claim 4); or (3) the administration of pepper spray (Claim 5), were not included in any grievance which received a decision at the Director's level of review.  Declaration of N. Grannis, ¶¶ 4-8, Declaration of B. Hall, ¶ 13, Defendant's Motion to Dismiss, Ex.C-F.  Defendants also point out that plaintiff did not comply with California's Tort Claims Act because plaintiff field his complaint more than six months after the Victim Compensation and Government Board rejected his claim.  Complaint, Ex. G, p. 2.

Although plaintiff opposes defendants' motion with regard to claims one and two, which defendants have now withdrawn, plaintiff does not dispute that he failed to submit a grievance regarding claims three, four and five.  Plaintiff also does not dispute that he failed to comply with the Tort Claims Act.

///

///

---

[1]Defendants originally also move for dismissal of claims one and two on the grounds that plaintiff's inamte appeals did not provide sufficent notice to defendants of the claims against them.  However, after reviewing plaintiff's oppositon, defendants withdrew their motion to dismiss as to claims one and two.  See Defendants' Reply to Opposition to Motion to Dismiss, p.2:21-22.

D.    <u>Conclusion</u>

Based on the foregoing, the court HEREBY RECOMMENDS that defendant's motion to dismiss for failure to exhaust, filed April 16, 2007, be GRANTED IN PART as follows:

        a.    Defendants' motion to dismiss claims three through six be GRANTED and these claims be dismissed, without prejudice;

        b.    This case proceed solely on claims one and two relating to defendants' conduct on September 8, 2003; and

        c.    Defendants be required to respond to claims one and two of plaintiff's complaint within twenty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 9, 2008**                          **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE