# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD OCHOTORENA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>D. ADAMS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01524-LJO DLB PC<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER<br><br>(Doc. 44).<br><br>**New Discovery Deadline: February 2, 2009**<br><br>**Dispositive Motion Deadline: April 3, 2009.** |

Plaintiff Richard Ochotorena ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. §1983.

On October 10, 2008, plaintiff filed a motion to extend the discovery deadline. (Doc. 44). Defendants filed their opposition on October 17, 2008, and plaintiff filed his reply on October 27, 2008. (Docs. 45, 46). This motion is deemed submitted.

**Modification of Court's April 3, 2008 Scheduling and Discovery Order**

On April 3, 2008, this Court issued a Scheduling Order and Discovery Order, setting December 1, 2008 as the discovery cut-off. (Doc. 41). Plaintiff now seeks to modify the scheduling order to extend the discovery deadline by ninety days.

In his motion, plaintiff states that from April to August 2008 he was working on his petitions for writ of habeas corpus and therefore unable to conduct discovery in this action. It was not until August 13, 2008 when Plaintiff served his requests for answers to interrogatories, requests for production of documents, and requests for admissions upon two of the eight defendants. At the time of filing the instant motion, plaintiff had not yet been served with defendants' responses. Plaintiff states that he requires an extension of time to research discovery, to review the responses and/or file

1

1  a motion to compel, and to file additional discovery requests if required.

2  In opposition, defendants argue that plaintiff had completed his first writ of habeas corpus by April 23, 2008. Defendants assert that during the next 140 days, plaintiff filed only three items in his habeas action, two of which were not substantive, complex or more than a couple of pages. Defendants further argue that plaintiff was able to propound some discovery upon defendants and his request for modification of the scheduling order does not explain why he could not prepare the additional discovery he believes may be necessary at the same time. Finally, defendants assert that plaintiff has experience propounding discovery, and that plaintiff was contemplating filing a motion to extend the discovery date as early as August 2008. Finally, defendants contend that at the time of filing, plaintiff still had three weeks left to prepare and serve any additional discovery requests.

In reply, plaintiff argues that he did not have access to the law library to devote to researching discovery due to his other pending actions. Plaintiff indicates that he has since received defendant Adams and Reynoso's responses to plaintiff's discovery requests, and plaintiff is now certain of the need to file a motion to compel. Plaintiff further states that he needs additional time to obtain photographs and videotapes that are in the possession and control of defendants. Plaintiff further states that while he has experience in conducting discovery, he is not familiar with the procedures for federal actions. Finally, plaintiff states that he has been denied physical access to the law library since August.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

Plaintiff does not dispute that for the first four months of the discovery phase of this action, he did not propound any discovery. The fact that plaintiff had other court actions pending that occupied his time does not normally provide good cause to modify a scheduling order. It is also not clear to the Court why, when plaintiff finally began propounding discovery in August 2008, he

served only two of the eight defendants, and did not propound discovery upon the other six defendants. Clearly by that time plaintiff was well aware of the process for propounding discovery requests.

In any event, plaintiff propounded discovery requests upon defendants Adams and Reynoso on August 13, 2008. Defendants' responses were due forty-five days later. However, three days before the deadline, defendants sought and were granted a twenty-one day extension of time. In support of their extension, counsel for defendants cited to his own heavy caseload as the reason for his inability to timely respond to plaintiff's discovery requests. (Docs. 42, 43). Plaintiff now indicates that he intends to file a motion to compel, and that he requires time to do additional research

Given that defendants have previously been granted an extension of time to respond to discovery requests, the Court is hard-pressed to deny plaintiff's request for an extension of the discovery deadline based on similar grounds. Accordingly, Plaintiff's motion for a ninety day extension of the discovery deadline is GRANTED IN PART. The deadline for the completion of all discovery, including filing motions to compel, is now **February 2, 2009,** and the deadline for filing motions for dispositive motions is also extended, to **April 3, 2009**. <u>The parties are hereby advised that no further extensions of time will be granted to any party citing a heavy caseload as grounds for the extension.</u>

The parties are reminded that responses to written discovery requests shall be due forty-five (45) days after the request is first served. To ensure that the responding party has forty-five (45) days after the request is first served to respond, discovery requests must be served at least forty-five (45) days before the discovery deadline.

To avoid any further delays, the Court suggests that counsel for defendants contact the Litigation Co-ordinator at the prison and inquire into plaintiff's legal user status.

IT IS SO ORDERED.

**Dated:   November 15, 2008**             **/s/ Dennis L. Beck**
                                                                          UNITED STATES MAGISTRATE JUDGE