# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. OCHOTORENA, | CASE NO. 1:05-cv-01524-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL |
| v. | |
| D. ADAMS, et al., | (Docs. 47 & 51) |
| Defendants. | |

Plaintiff Richard A. Ochotorena ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed November 30, 2005, against Defendants Adams, Kalkis, Reynoso, Curtiss, Duncan, Fambrough, Lane, and Rodriquez ("Defendants"). Plaintiff alleges that on September 8, 2003, while incarcerated at the California Substance Abuse Treatment Facility, defendants violated his Eighth Amendment rights when excessive force was used against him.

On November 10, 2008, Plaintiff filed a motion to compel further responses from Defendants Adams and Reynoso to Plaintiff's interrogatories, requests for admission, and requests for production of documents. ( Doc. 47.) Defendants filed an opposition to this motion on November 26, 2008. (Doc. 49.) Plaintiff filed his reply on December 11, 2008. (Doc. 50.)

On December 30, 2008, Plaintiff filed a motion to compel the production of documents from Defendant Kalkis. (Doc. 51.) Defendants filed an opposition to this motion on January 9, 2009. (Doc. 52.) Plaintiff filed his reply on January 26, 2009. (Doc. 53.) The matter is deemed submitted. Local Rule 78-230.

1    Plaintiff states that his discovery requests served on Defendants Adams and Reynoso mistakenly asked about events occurring on September 3, 2003. (Doc. 47, Pl.'s Mot. to Compel 10.) Plaintiff states that he actually meant September 8, 2003. (Pl.'s Mot. to Compel 10.) Plaintiff is proceeding pro se and the date of the alleged excessive force incident, September 8, 2003, is not in dispute.

    Accordingly, the Court will grant Plaintiff the opportunity to re-serve 1) on Defendant Adams the following discovery requests: Interrogatories Nos. Five, Eight, and Nine; Requests for Production of Documents Nos. One, Two, Three, Four, and Six; and Requests for Admission Nos. Four and Six; and 2) on Defendant Reynoso the following discovery requests: Interrogatories Nos. Two and Three; and Requests for Admission Nos. Two, Three, and Four. Plaintiff may only change the date initially listed in these discovery requests, except as set forth below for Request for Admission No. Six to Defendant Adams. The Court will address Plaintiff's motions to compel with the understanding that Plaintiff may re-serve Defendants Adams and Reynoso as set forth herein.

    Plaintiff shall have **twenty (20)** days after the date of service of this order within which to re-serve the above-mentioned discovery requests. Defendants shall have **thirty (30)** days after service of the above discovery requests within which to serve a response. Plaintiff shall then have **thirty (30)** days after service of response within which to file any motions to compel. The discovery deadlines will be extended for this purpose and no other.

**I.    Motion To Compel - Defendant Adams**

    **A.    Interrogatories**

        **1.    Interrogatory No. Five**

Plaintiff's Interrogatory No. Five: "As warden of CSATF and State Prison at Corcoran on and before September 3, 2003, were you in charge of hiring and retention of all personnel under your charge to include correctional officers?"

Plaintiff states that "the response to interrogatory No. 5 is incomplete as defendant Adams failed to state whether or not he was in charge of retaining all personnel under his charge as well." In their opposition, Defendants served the following amended response:

2

Defendant objects to this request on the grounds that it is compound and the terms "in charge" and "your charge" are vague.  Without waiving these objections, Defendant Adams was only responsible for approving the hiring of correctional staff members below the rank of Captain, except for new hires from the academy.  Defendant was not responsible for the retention of all the personnel at Substance Abuse and Treatment Facility and State Prison at Corcoran (SATF).  Defendant does not work at SATF.

The amended response sufficiently answers Plaintiff's interrogatory.  Further response by Defendant Adams is unnecessary.

### 2.     Interrogatory No. Eight

Plaintiff's Interrogatory No. Eight:  "Was J. M. Astorga employed as a C/O at CSATF State Prison at Corcoran on September 3, 2003?"

Defendant Adams's response:  "Defendant does not recall."

Plaintiff contends, "This response is evasive and non-responsive to information easily and readily available to Defendant."

Defendants in their opposition state that Plaintiff's argument lacks merit because Defendant Adams clearly answered the interrogatory.  The Court finds Defendant Adams's response to be insufficient.  Defendant Adams does not state why this information cannot be ascertained.  Lack of personal knowledge is an insufficient response to an interrogatory if the information is available from the party's attorney.  See Hickman v. Taylor, 329 U.S. 495, 511 (1947) ("Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had.")

### 3.     Interrogatory No. Nine

Plaintiff's Interrogatory No. Nine:  "On September 3, 2003, and prior to that date were you aware of prior acts of excessive force and dishonesty on the part of C/O's J. M. Astorga and J. Fambrough?"

Defendant Adams's Response:  "Defendant objects to this interrogatory on the ground that it is compound and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, no."

3

1    Plaintiff argues that "this response is evasive and non-responsive."

2    Defendants in their opposition state that Defendant Adams clearly answered the question.

3 The Court agrees with Defendants. Defendant Adams responded, "No," to Plaintiff's

4 interrogatory.

### B. Requests for Production of Documents (POD)

#### 1. Request For Production of Documents No. One

Plaintiff's Request For POD No. One: "the Video Surveillance Institutional Operational Procedure Plan for Facility "C", at CSATF and State Prison at Corcoran on September 3, 2003."

Defendant Adams's Response:

> Defendants objects to this request on the ground that it is compound, overbroad, and Plaintiff's need for this information is substantially outweighed by the risk to institutional security. Providing Plaintiff with this information would provide him, and possibly other inmates, with the ability to avoid or otherwise manipulate this security measure, which would threaten the lives and safety of correctional staff members and inmates. Moreover, Plaintiff contends that Defendant Adams failed to adequately train and supervise the correctional staff members that allegedly assaulted Plaintiff at the Substance Abuse and Treatment Facility and State Prison at Corcoran (SATF) on September 3, 2003. Accordingly, the video surveillance policy at SATF is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant does not have possession, custody, or control over any documents responsive to this request.

Defendant Adams states that without waiving any of his objections, he does not have possession, custody, or control over any documents responsive to this request. The Court finds this answer to be insufficient. Defendant Adams must explain why he does not have possession, custody, or control over the documents requested. Control is defined as the legal right to obtain the documents requested upon demand. United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989).

#### 2. Request for POD Nos. Two, Three and Four

Plaintiff's Request for POD No. Two: "the video surveillance tape from all active camera angels of video footage of the facility "C", program office and medical area on September 3, 2003, relative to CSATF log. No. 03-3924."

//

1          <u>Defendant Adams's Response</u>: "Defendant does not have possession, custody, or control over any video tapes responsive to this request."

          <u>Plaintiff's Request for POD No. Three</u>: "video surveillance tape footage of normal inmate movement from all active angels [sic] of the facility "C", program office and medical area of CSATF and State Prison at Corcoran."

          <u>Defendant Adams's Response</u>:

> Defendant objects to this request on the ground that it is compound, vague as to time, not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff's need for this information is substantially outweighed by the risk to institutional security. Plaintiff is asking Defendant to provide him with the location of any potential video "blind spots" at SATF. Without waiving these objections, Defendant does not have possession, custody, or control over any video tape footage responsive to this request.

          <u>Plaintiff's Requests for POD No. Four</u>: "the local operational procedure of CSATF and State Prison at Corcoran on September 3, 2003, on Crime Scene Preservation and Maintaining the Chain of Evidence."

          <u>Defendant Adams's Response</u>:

> Defendant objects to this request on the ground that it is compound, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant does not have possession, custody, or control over any documents responsive to this request.

          As stated previously, the Court finds Defendant Adams's response that he does not have possession, custody or control over any responsive documents insufficient. Defendant Adams has not sufficiently explained why he does not have possession, custody, or control over any of the documents requested by Plaintiff.

### 3.     Request for POD No. Six

          <u>Plaintiff's Request for POD No. Six</u>: "all records/information from the personnel files for the preceding (5) five years prior to September 3, 2003, of C/O J. M. Astorga and C/O J. Fambrough, relative to excessive force or unnecessary force, false reporting, failure to report, and all acts of dishonesty."

///

Defendant Adams's Response:

 Defendant objects to this request on the grounds that it is compound, violate these individuals right to privacy, this information is confidential pursuant to section 832.7 of the California Code of Criminal Procedure, and the information is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant does not have possession, custody, or control over any documents responsive to this request.

Defendant Adams's objections that the information requested is confidential and violates Astorga's and Fambrough's privacy rights are not adequate. Such objections do not apply in the context of this proceeding. Furthermore, the Court finds Defendant Adams's response that he does not have possession, custody, or control to be insufficient. Defendant Adams must explain why he does not have possession, custody, or control over these documents.

 **C.** **Requests for Admission**

  **1.** **Request For Admission No. Four**

Plaintiff's Request For Admission No. Four:

 Admit as Warden of CSATF and State Prison at Corcoran on September 3, 2003, that you were charged directly or indirectly with review of all use of force incident reports to insure that they were adequately prepared and that staff's actions prior to the use of force, during the use of force, and after the use of force were in compliance with CDC Policies and Procedures.

Defendant Adams's Response:

 Defendant objects to this request on the grounds that it is compound and assumes facts which are not true. Without waiving these objections, Defendant responds as follows: As the warden, Defendant Adams was responsible for ensuring that all use of force incident reports were reviewed. However, this duty was delegated to the Chief Deputy Warden. Therefore, Defendant Adams was not responsible for reviewing use of force incident reports on September 3, 2003. Except as admitted, deny.

Plaintiff contends that this is "evasive and incomplete." The Court does not agree. Defendant Adams responded that he is responsible for ensuring that all use of force incident reports are reviewed, but was not responsible for reviewing use of force incident reports on September 3, 2003. He denies anything else that he did not admit. Defendant Adams has thus responded in a complete and non-evasive manner.

//

**2.     Request For Admission No. Six**

Plaintiff's Request For Admission No. Six:

> Admit that as Warden of CSATF and State Prison at Corcoran on and before September 3, 2003, that all outdoor areas of "C" Facility to include the program office and medical area were equipped with video surveilance cameras which institutional operational procedures mandated that video surveilance cameras were operable, and that the quality of the video surveilance tape was "good", and that video surveilance tape of all incidents or unusual occurrances including all potential crimes and misdemeanors be held and/or processed into evidence.

Defendant Adams's Response:

> Defendant objects to this request on the ground that it is compound, calls for speculation, is not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff's need for this information is substantially outweighed by the risk to institutional security. Plaintiff is asking whether the entire outdoor area of Facility C, which is a large portion of the prison, is monitored by video cameras. By implication, Plaintiff is also asking whether there are any unmonitored areas of the prison, and that answer could jeopardized [sic] the safety of both inmates and correctional staff. To the extent that Plaintiff is asking if all the video surveillance equipment at SATF was properly maintained and processed on September 3, 2003, Defendant does not have sufficient personal knowledge to either admit or deny.

Defendant Adams contends that Plaintiff's request is compound. Defendant contends that Plaintiff's need for this information is substantially outweighed by the risk to institutional security as Plaintiff by implication is asking whether there are any unmonitored areas. Defendant also contends that the request for admission is unrelated to Plaintiff's complaint because Plaintiff alleged that Defendants used excessive force while inside buildings at SATF.

Plaintiff contends that his request is not compound. Plaintiff explains that the purpose of his request is to ascertain whether the outdoor areas of C Facility were monitored according to D.P.-315 Exercise Yard video monitoring procedure, which includes operable video cameras, good video footage, and processing/holding of videotape of all incidents or unusual occurrences. Plaintiff contends that his request for admission is related to his complaint because Plaintiff alleges that excessive force was used during Plaintiff's escort, which occurred outdoors. Plaintiff does not address Defendant's contention that an answer to Plaintiff's request could jeopardize institutional security.

The purpose of a request for admission is to eliminate issues that are not in dispute

between the parties. Asea, Inc. v. Southern Pacific Transport Co., 669 F.2d 1242, 245 (9th Cir. 1981). Thus, requests for admissions are not principally discovery devices and should not be used as a substitute for other discovery processes to uncover evidence. Safeco Ins. Co. of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Here, Plaintiff's request for admission is in effect an interrogatory in that its purpose is to find evidence as to the existence of certain video surveillance. This is not an appropriate use of a request for admission.

The Court will grant Plaintiff an opportunity to re-serve this request for admission styled as an interrogatory. The interrogatory should be limited in scope to the alleged locations and time pertaining to Plaintiff's complaint. Plaintiff will have **twenty (20) days** from the date of service of this order to serve Defendant Adams with this interrogatory. Defendant Adams will have **thirty (30) days** after being served with Plaintiff's interrogatory within which to serve a response. Plaintiff will then have **thirty (30)** days after service of Defendant Adams's response to file a motion to compel, if any.

Accordingly, Plaintiff's motion to compel further response to Request No. Six is granted, as narrowed and clarified above.

**II.     Motion To Compel - Defendant Reynoso**

   **A.     Interrogatories**

      **1.     Plaintiff's Interrogatories Nos. Two And Three**

Plaintiff's Interrogatory No. Two: "Were you assigned to Facility "C," of CSATF and State Prison at Corcoran on September 3, 2003?"

Defendant Reynoso's Response: "After conducting a review of records in her possession, custody, and control, Defendant cannot recall."

Plaintiff's Interrogatory No. Three: "Were you on Facility "C," of CSATF and State Prison at Corcoran in the program office area on September 3, 2003 at approximately 2:31 p.m.?"

Defendant Reynoso's Response: "After conducting a review of all records in her possession, custody, and control, Defendant cannot recall."

Plaintiff contends Defendant Reynoso's response is "evasive and non-responsive."

Defendant contends that Plaintiff's argument lacks merit because Defendant's response is sufficient.

**B.    Requests For Admission**

    **1.    Request For Admission No. Two**

<u>Plaintiff's Request For Admission No. Two</u>: "Admit that you were assigned to Facility "C", of CSATF and State Prison on September 3, 2003."

<u>Defendant Reynoso's Response</u>: "After conducting a review of all records in her possession, custody, and control, Defendant does not have sufficient personal knowledge to admit or deny."

Plaintiff contends this response was "evasive and non-responsive." The Court disagrees. Defendant Reynoso states that she undertook a review of all records in her possession, custody, and control, and thus conducted a reasonable inquiry of readily attainable information. Having done so, and still lacking sufficient knowledge to admit or deny, Defendant Reynoso's response is sufficient and not "evasive or non-responsive."

    **2.    Request For Admission No. Three**

<u>Plaintiff's Request For Admission No. Three</u>: "Admit that you were on Facility "C", in the program office area of CSATF and State Prison at approximately 2:31 PM on September 3, 2003."

<u>Defendant Reynoso's Response</u>: "After conducting a review of all records in her possession, custody, and control, Defendant does not have sufficient personal knowledge to admit or deny."

Plaintiff contends this response is evasive and non-responsive. .

Assuming that Defendant and counsel have attempted to review institutional payroll, personnel and other records, which, if they still exist are presumably available to Defendant or counsel the responses to Interrogatory Nos. Two and Three and Requests for Admission No. Two and Three may be adequate. However, in order to avoid needless motions to compel Defendant's answer should explain the inability to obtain such records which are kept in the normal course of business. In absence of such an explanation the Court cannot determine whether Reynoso and

counsel conducted a sufficient inquiry in an attempt to fully respond to Plaintiff's interrogatory. Defendant must explain her inability to review such records before the Court can determine whether it should compel a further response. Defendant Reynoso shall either serve and file with the court further responses or file a supplemental opposition to Plaintiff's motion to compel within 20 days of this order.

### 3. Request For Admission No. Four

Plaintiff's Request For Admission No. Four: "Admit you observed staff use of force against plaintiff in the Facility "C", program office area of CSATF and State Prison on September 3, 2003, and fail to submit an incident report documenting your observations and actions."

Defendant Reynoso's Response: "Defendant objects to this request on the ground that it is compound. Without waiving this objection, deny."

Plaintiff argues that his request is not compound. However, that contention is irrelevant because Defendant Reynoso provided a response to Plaintiff's request for admission by denying.

## III. Motion To Compel - Defendant Kalkis

### A. Request for Production Of Documents (POD) No. One

Plaintiff's Request For POD No. One: "the videotaped interview of inmate Ochotorena D-67758, conducted by Sergeant K. Curtiss, on September 8, 2003, at approximately 1431, that you placed into evidence locker 10, relative to log. no. SATF-03-03-09-0367."

Defendant Kalkis's Response: "Defendant cannot provide Plaintiff with a copy of the videotape for security reasons. Furthermore, prisoners are not permitted to possess a video tape in their cell. Without waiving these objections, Defendants will provide a copy of the video to the prison litigation coordinator, who will arrange for Plaintiff to view the tape."

Plaintiff contended in support of his motion that if this matter proceeded, he would need the tape to prepare for trial and play for the jury. Defendant agreed to arrange for Plaintiff to view the videotape again and bring a copy of the tape to trial. Plaintiff in his reply did not object to this arrangement. Accordingly, Plaintiff's motion to compel further response to Request For POD No. One is disregarded as moot.

1    **B.     Request For POD No. Two**

2    <u>Plaintiff's Request For POD No. Two</u>: "the (7) seven polaroid photographs you took of
3    inmate Ochotorena D-76658, on September 8, 2003, at approximately 1431, that you placed into
4    evidence locker 10, relative to log no. SATF-03-03-09-0367."

5    Defendant Kalkis attached the documents requested as Exhibit A in his response.
6    Plaintiff contends that the photographs were of inferior quality and requested color photographs.
7    Defendants later provided color photographs to Plaintiff, to which Plaintiff did not object.
8    Accordingly, Plaintiff's motion to compel further response to Request For POD No. Two is
9    disregarded as moot.

10   **C.     Request For POD No. Three**

11   <u>Plaintiff's Request For POD No. Three</u>: "the (3) three polaroid photographs you took of
12   the program holding cell area on September 8, 2003, at approximately 1431, that you placed into
13   evidence locker 10, log no. SATF-03-03-09-0367."

14   Defendant Kalkis attached the documents requested as Exhibit A in his response.   As in
15   Request For POD No. Two, Plaintiff contends that the photographs were of inferior quality and
16   requested color photographs.  Defendants later provided color photographs to Plaintiff, to which
17   Plaintiff did not object.  Accordingly, Plaintiff's motion to compel further response to Request
18   For POD No. Three is disregarded as moot.

19   **D.     Request For POD No. Four**

20   <u>Plaintiff's Request For POD No. Four</u>: "CSATF and state prisons local operational
21   procedure on photographing a crime scene in effect on September 8, 2003."

22   <u>Defendant Kalkis's Response</u>: "Defendant objects to this request on the ground that it
23   calls for information that would jeopardize institutional security.  Without waiving this objection,
24   after conducting a reasonable inquiry, Defendant does not have possession, custody, or control
25   over any documents responsive to this request."

26   Defendant Kalkis states that without waiving any objection, and after conducting a
27   reasonable inquiry, Defendant does not have possession, custody, or control over any documents
28   responsive to Plaintiff's request  The Court cannot order Defendant to produce documents that

Defendant does not have possession, custody, or control over.  Absent a showing by Plaintiff that Defendant does in fact have such documents, Plaintiff is required to accept Defendant's answer. Accordingly, Plaintiff's motion to compel further response to Request For POD No. Four is denied.

### E. Request For POD No. Five

<u>Plaintiff's Request For POD No. Five</u>: "CSATF and state prisons local operational procedure on crime scene preservation in effect on September 8, 2003."

<u>Defendant Kalkis's Response</u>:

Defendant objects to this request on the ground that it is overbroad, the term "crime scene preservation is vague," and it calls for information that would jeopardize institutional security.  Without waiving these objections and assuming that Plaintiff is asking for the procedure that applies after an inmate suffers an injury, the document responsive to this request are attached as Exhibit B.  After conducting a reasonable inquiry, Defendant does not have possession, custody, or control over any additional responsive documents.

Defendant Kalkis, without waiving any objections, provided Plaintiff with documents for the procedure that applies after an inmate suffers an injury.  Defendant also stated that after a reasonable inquiry, he does not have possession, custody, or control over any additional responsive documents.  As stated previously, the Court cannot order Defendant to produce documents that Defendant does not have possession, custody, or control over.  Absent a showing by Plaintiff that Defendant does in fact have such documents, Plaintiff is required to accept Defendant's answer. Accordingly, Plaintiff's motion to compel further response to Request For POD No. Five is denied.

## IV. Conclusion And Order

Accordingly, as set forth herein, it is HEREBY ORDERED that:

1. Regarding Defendant Adams:
   a. Plaintiff's motion to compel further responses to Interrogatories Nos. Five, Eight, and Nine; Requests for Production of Documents Nos. One, Two, Three, Four, and Six; and Request for Admission No. Four is GRANTED, as narrowed and clarified by this order.  Plaintiff may re-serve the discovery requests above, changing only the date in the discovery request.

    Plaintiff shall have **twenty (20)** days after the date of service of this order within which to re-serve the above-mentioned discovery requests. Defendant shall have **thirty (30)** days after service of the above discovery requests within which to serve a response. Plaintiff shall then have **thirty (30)** days after service of response within which to file any motions to compel.

  d. Plaintiff's motion to compel further response to Request for Admission No. Six is GRANTED, as narrowed and clarified by this order. Plaintiff shall have **twenty (20)** days after the date of service of this order within which to re-serve his request for admission styled as an interrogatory. Defendants shall have **thirty (30)** days after service of the interrogatory within which to serve a response. Plaintiff shall then have **thirty (30)** days after service of response within which to file any motions to compel.

2. Regarding Defendant Reynoso:

  a. Plaintiff's motion to compel further responses to Interrogatories Nos. Two and Three; and Requests for Admission Nos. Two, Three, and Four is GRANTED, as narrowed and clarified by this order. Defendant shall have **twenty (20)** days from this order within which to serve a response or to provide a supplemental response to Plaintiff's motion to compel.

3. Regarding Defendant Kalkis:

  a. Plaintiff's Request for Production of Documents Nos. One, Two, and Three is DISREGARDED as moot and his Request for Production of Documents Nos. Four and Five is DENIED.

IT IS SO ORDERED.

  **Dated: July 6, 2009**     /s/ **Dennis L. Beck**
                     UNITED STATES MAGISTRATE JUDGE