# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. OCHOTORENA, | CASE NO. 1:05-cv-01524-LJO-DLB (PC) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL |
| v. | |
| D. ADAMS, et al., | (Docs. 64 & 67) |
| Defendants. | |

**Order**

I. **Motions to Compel**

    A. **Procedural History**

Plaintiff Richard A. Ochotorena ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed November 30, 2005, against Defendants Adams, Kalkis, Reynoso, Curtiss, Duncan, Fambrough, Lane, and Rodriquez ("Defendants").[1] Plaintiff alleges that on September 8, 2003, while incarcerated at the California Substance Abuse Treatment Facility, Defendants violated his Eighth Amendment rights when excessive force was used against him.

On November 10, 2008, Plaintiff filed a motion to compel further responses from Defendants Adams and Reynoso to Plaintiff's interrogatories, requests for admission, and requests for production of documents. On December 30, 2008, Plaintiff filed a motion to compel the production of documents from Defendant Kalkis. On July 6, 2009, the Court granted in part

---

[1] Unserved Defendant J. M. Astorga has yet to appear in this action.

1

and denied in part Plaintiff's motions.

The following are presently pending before the Court. On July 24, 2009, Defendants filed a supplemental opposition to Plaintiff's motion to compel further response from Defendant Reynoso, pursuant to the Court's July 6, 2009 order. (Court Doc. 63.) On August 12, 2009, Plaintiff filed a reply to defendants' supplemental opposition. (Doc. 65.) On July 30, 2009, Plaintiff filed a motion to compel further response from Defendant Kalkis. (Doc. 64.) On September 28, 2009, Plaintiff filed a motion to compel further response from Defendant Adams. (Doc. 67.) Defendant Darrel G. Adams filed an opposition to the September 28, 2009 motion on November 19, 2009. (Doc. 71.) Plaintiff filed his reply on December 7, 2009. (Doc. 73.) The matter is deemed submitted pursuant to Local Rule 230(l). The Court will address each filing separately, as set forth below.

**B.     Defendant Reynoso's Supplemental Opposition and Plaintiff's Reply**

Plaintiff had served Defendant Reynoso with requests for admissions that asked whether she was working on September 3, 2003 at the California Substance Abuse and Treatment Facility ("SATF"). (Doc. 62, p. 2.) Plaintiff had intended to ask whether Defendant Reynoso was working on September 8, 2003 at SATF. (Doc. 62, p. 2.) Defendant responded that, after conducting a review of all of the records in her possession, custody, and control, she does not have sufficient information to admit or deny the request. (Doc. 62, p. 9.) Plaintiff moved to compel a further response, which Defendant opposed. (Docs. 47, 49, 50.) On July 6, 2009, the Court found that Defendant Reynoso's responses may be adequate if she attempted to review prison payroll, personnel, or other records, before she responded to Plaintiff's request, and ordered Plaintiff to clarify her response. (Doc. 62, pp. 9, 13.) On July 30, 2009, pursuant to court order, Defendant Reynoso filed a supplemental opposition to Plaintiff's motion to compel. (Doc. 63.)

Defendant Reynoso attests that she does not possess any records that indicate whether she was working on either September 3 or 8, 2003. (Doc. 63, Exh. A ¶ 3.) Defendant thus contacted the prison litigation coordinator at SATF, who searched SATF's records to determine whether Defendant was working on those dates. (Doc. 63, Exh. A ¶ 3.) Defendant attests that the prison

does not maintain time sheets or other personnel records that would establish the dates Defendant Reynoso worked, going back more than five years. (Doc. 63, Exh. A ¶ 3.) Defendant Reynoso declares that she is unaware of any records that indicate whether she was working at SATF (Doc. 63, Exh. A ¶ 3.) Defendants thus contend that Defendant Reynoso's responses are sufficient. Defendant also contends that Defendant does not have any reason to withhold this information, because Defendant Reynoso has maintained that she was not present on the day of the incident, and thus would have more of a pressing need to find this information than Plaintiff.

Plaintiff in his reply makes several contentions. First, Plaintiff contends that there is a contradiction between Defendant Reynoso's declaration and Plaintiff's prior request during the criminal proceeding against Plaintiff following the September 8, 2003 incident. Plaintiff at that time had requested Defendant Reynoso's time sheet for September 8, 2003, and was informed by the litigation coordinator at the time that Defendant Reynoso is not required to complete a time sheet. (Doc. 65, Exh. B, Decl. Of Dana Arline, Litigation Coordinator.) Second, Plaintiff's former private investigator in the criminal proceeding, Richard Martinez, declared that Defendant Reynoso is required to keep a time sheet. (Doc. 65, Exh. C, Decl. Of Richard Martinez ¶ 17.) Mr. Martinez declared that he is a retired correctional lieutenant and an expert in the area of analyzation of the use of force. (Doc. 65, Exh. C, ¶ 4.) Plaintiff contends that the Department operations manual requires Defendant Reynoso to keep a time sheet. (Doc. 65, Exh. D, Department Operations Manual § 51050.14.) Lastly, Plaintiff contends that sources other than the time sheet exist that would indicate whether Defendant Reynoso was present at the September 8, 2003 incident, including logbooks. Plaintiff requests that the Court review Defendant Reynoso's personnel file in camera to determine whether any documents exist that would indicate if she was present.

Defendant Reynoso attests that she is not in possession of her personnel records and thus would have no way of knowing whether or not she was present at the time of the incident. While Plaintiff presents evidence which suggests that time sheets did exist, this does not fully address the issue of whether Defendant Reynoso has sufficient knowledge as to her whereabouts on September 8, 2003 to respond to Plaintiff's discovery request. Even if the time sheets existed,

3

Defendant Reynoso attests that after inquiry with the prison litigation coordinator, the time sheets are no longer available, and no other source of information exists that would indicate whether she was present on the day of the incident, which would presumably include logbooks. The Court will not require Defendant Reynoso to furnish a further response to Plaintiff's motion to compel. Defendant Reynoso's prior objections, coupled with the supplemental opposition, are a sufficient response. Based on the foregoing, Plaintiff's motion to compel further response from Defendant Reynoso is denied.

### C. Plaintiff's July 30, 2009 Motion To Compel

On July 30, 2009, Plaintiff filed a motion to compel which contests the Court's July 7, 2009 order regarding Defendant Kalkis. (Doc. 64, Mot. To Compel.) Plaintiff had previously requested (1) CSATF and state prisons local operational procedure on photographing a crime scene in effect on September 8, 2003 and (2) CSATF and state prisons local operational procedure on crime scene preservation in effect on September 8, 2003. The Court had denied Plaintiff's motion to compel because Defendant Kalkis, after a reasonable inquiry, had no documents in his possession, custody, or control that were responsive to Plaintiff's requests. (Doc. 62, Court Order Re Mot. To Compel 11:19-12:20.)

Plaintiff now contends that these documents do exist pursuant to the Department of Corrections Operations Manual section 32010.15. Plaintiff contends that these documents are part of the training program for all CDCR employees and have thus been memorialized and maintained by the in-service training manager. (Doc. 64, Pl.'s Mot. To Compel 5:16-8:3.)

Upon further review, the Court finds that Defendant Kalkis's previous response is insufficient. Defendant Kalkis stated that, after a reasonable inquiry, he does not have possession, custody, or control over the requested documents. As stated in the Court's previous order, the Court cannot compel Defendant Kalkis to produce documents which he lacks possession, custody or control over. However, the Court finds that Defendant Kalkis did not provide a sufficient showing that he lacks possession, custody, or control over the requested documents.

In responding to discovery requests, Defendants must produce documents which are in

4

their "possession, custody or control." Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required, however. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in <u>Allen v. Woodford</u>, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Here, Defendant attempts to avoid production by contending that he is not in possession, custody or control of the requested documents. The specific facts of this action, however, render such an objection unfounded. By virtue of their employment with non-party CDCR, individual Defendants are represented by the Attorney General's Office. It is this Court's experience that either individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. If this is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced. <u>See</u>, <u>eg.</u>, <u>Mitchell v. Adams</u>, 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); <u>see also</u> <u>Gray v. Faulkner</u>, 148 F.R.D. 220, 223-224 (N.D. Ind.1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have

5

1  determined that the information requested either does not exist or that it has been produced.")

2  If Defendant chooses to stand on this objection, he must provide factual support for the assertion that, in spite of his relationship to CDCR, he does not have possession, custody or control of the requested documents. Defendant should also be mindful of the fact that he will be precluded from using the requested documents, or any documents of this kind, as evidence in support of summary judgment, in opposition to any of Plaintiff's positions, and in any way during trial. Fed. R. Civ. P. 37(c)(1). Should Defendant stand on this objection and subsequently seek to use the requested documents or like documents, he must, at minimum, supplement his responses, and explain the method by which he obtained the documents. Most importantly, he will also be required to demonstrate that the prior objection was taken in good faith given that he now has and seeks to use the requested documents. Fed. R. Civ. P. 26(e)(1).

Accordingly, Plaintiff's July 30, 2009 motion to compel further response from Defendant Kalkis is granted. Defendant Kalkis is to provide the requested information, or demonstrate via factual support why Defendant is incapable of obtaining information responsive to these requests. If Defendant demonstrates why he is unable to obtain this information, he is to provide information as to who has custody, possession, or control over the requested information, if Defendant has knowledge, so that Plaintiff may have the opportunity to request a subpoena duces tecum. Defendants may move for a protective order, if necessary.

**D.    Plaintiff's September 28, 2009 Motion To Compel**

On September 28, 2009, Plaintiff filed a motion to compel further response from Defendant Adams, which Defendant Adams opposed.

Defendant Adams first contends that Plaintiff's motion to compel is untimely. Defendant Adams served his supplemental response on August 21, 2009. (Doc. 67, p. 38, 45, 49.) Defendant contends that Plaintiff had until September 21, 2009, to file his motion to compel, but did not do so until September 23, 2009. (Doc. 71, Def.'s Opp'n 2:6-9.) Plaintiff contends that he did not receive the supplemental response until August 23, 2009. (Doc. 73, Pl.'s Reply 2:25-3:13.) Plaintiff contends that he thus had until September 23, 2009 to serve his motion.

Both parties are partially incorrect. Pursuant to Federal Rule of Civil Procedure

6

5(b)(2)(B), "service by mail is complete upon mailing." The proof of service provided by Defendant indicates that it was mailed, and thus served, on August 21, 2009. According to the Court's order, Plaintiff had thirty days afterwards in which to file any motion to compel. However, pursuant to Federal Rule of Civil Procedure 6(d), "[w]hen a party may or must act within a specified time after service and service is made [by mail], 3 days are added after the prescribed period would otherwise expire." Thus, Plaintiff could serve his motion to compel as late as September 24, 2009. Accordingly, Plaintiff's motion to compel is timely under the Federal Rules of Civil Procedure and Defendant Adams's objection is DENIED. The Court now turns to the merits of Plaintiff's motion to compel.

### 1. Interrogatory No. 8

**Interrogatory**: "Was J. M. Astorga employed as a C/O at CSATF State Prison at Corcoran on September 8, 2003?"

**Response**: "Defendant does not recall. Furthermore, after conducting a reasonable inquiry, Defendant does not have possession, custody or control over any documents that contain this information. Defendant no longer works at the California Substance Abuse Treatment Facility (SATF)."

Plaintiff contends that he served the government agency that has custody of these records, and that Defendant Adams has a legal right to obtain the requested documents upon demand. Defendant contends that Plaintiff's assertion that Defendant has a legal right to obtain the requested documents upon demand has no basis in statute or law, and there is no evidence to support his claim. Defendant contends that because he no longer works at SATF, he does not have any control over personal records at SATF.

The Court finds Defendant Adams's response is sufficient. Defendant states that he does not recall. The Court will not order a further response to this interrogatory.

### 2. Production No. 1

**Production No. 1**: "The video institutional operational procedure plan for Facility "C", at CSATF and state prison at Corcoran on September 8, 2003.

**Response**: "Defendant objects to this request on the ground that it is compound, overbroad, and Plaintiff's need for this information is substantially outweighed by the risk to institutional security. Providing Plaintiff with this information would provide him, and possibly other inmates, with the ability to avoid or otherwise manipulate this security measure, which would threaten lives and safety of correctional staff members and inmates. Moreover, Plaintiff contends that Defendant Adams failed

7

to adequately train and supervise the correctional staff members that allegedly assaulted Plaintiff at the Substance Abuse and Treatment Facility and State Prison at Corcoran (SATF) on September 3, 2003. Accordingly, the video surveillance policy at SATF is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant does not have possession, custody, or control over any documents responsive to this request because Defendant no longer works at SATF. Furthermore, Defendant is not aware of any recordings of the subject incident. To the best of Defendant's knowledge, no video recording of any correctional staff member using any force against Plaintiff ever existed. The incident reports indicate the subject incident was not video taped."

Plaintiff contends that he is referring to Operational Policy 315, which was provided through discovery in a prior state court case. Plaintiff contends that Defendant Adams has the legal right to obtain such documents. In opposition, Defendant contends that Plaintiff has possession of this policy, and thus the request should be denied. Defendant reiterates his argument that he does not have control over this policy. In reply, Plaintiff states that he does not have the policy because it was returned to the attorney general's office pursuant to a protective order.

It appears that this operational policy exists, and that Plaintiff is not in possession of this policy. The request is relevant and may lead to the discovery of admissible evidence, as it could indicate whether video footage of the incident existed and whether proper procedure was followed regarding the footage.

Defendant's response that he no longer works at SATF is not sufficient to demonstrate that he is incapable of obtaining the information responsive to this request. The Court's ruling regarding Defendant Kalkis applies to Defendant Adams as well. Thus, Defendant Adams is to provide the requested information, or demonstrate via factual support why Defendant is incapable of obtaining information responsive to this request. If Defendant demonstrates why he is unable to obtain this information, he is to provide information, if any, as to who has custody, possession, or control over the requested document. Defendants may move for a protective order, if necessary.

        3.    <u>Production No. 2</u>

**Production No. 2**: Produce the video tape from all active camera angels (sic) of video footage of the Facility "C", program office and medical area on September 8, 2003, relative to CSATF Log. No. 03-3924.

| | | |
|---|---|---|
|1|**Response**:|Defendant does not have possession, custody, or control over any video tapes responsive to this request because Defendant no longer works at SATF. Furthermore, Defendant is not aware of any video recordings of the subject incident. To the best of Defendant's knowledge, no video recording of any correctional staff member using force against Plaintiff ever existed. The incident reports indicate the subject incident was not video taped. Defendant is not aware of anyone who possesses any items relevant to this request.|

Plaintiff contends that the incident was videotaped pursuant to operational policy, but the video footage was possibly destroyed. Defendant contends that the incident reports do not indicate it was videotaped, so there is nothing for Defendant to produce.

It is unclear whether the incident was videotaped. Defendant has asserted he lacks custody, control, or possession over any such videotape as he no longer works at SATF, and is not aware of anyone who possesses the footage. For the previous reasons, Defendant is to produce this videotape, or demonstrate via factual support that he is incapable of obtaining this videotape. If the videotape does exist, Defendant is to provide information as to who would have custody, possession, or control over the requested videotape.[2] Any concerns of institutional security can be addressed by a protective order.

      4.  Production No. 3

| | | |
|---|---|---|
|**Production No. 3**:| |Produce video tape footage of normal inmate movement from all active angels (sic) of the Facility "C", program office and medical area of CSATF and State prison at Corcoran.|
|**Response**:| |Defendant objects to this request on the ground that it is compound, vague as to time, not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff's need for this information is substantially outweighed by the risk to institutional security. Plaintiff is asking Defendant to provide him with the location of any potential video "blind spots" at SATF. Because Defendant is not aware of any video recording of the subject incident or anyone who wrongfully disposed of any potential video recordings, it is unclear how this information is relevant to Plaintiff's case. Without waiving these objections, Defendant responds as follows: assuming that Plaintiff is referring to SATF's current configuration of security cameras, Defendant does not have possession, custody, or control over any video tape footage responsive to this request, because he does not work at the prison. After conducting a reasonable inquiry of the documents available to Defendant upon demand Defendant is not aware of any documents responsive to this request. Assuming that Plaintiff is referring to SATF's configuration of security cameras in September 2003, Defendant does not have possession, custody, or control over any video tape footage responsive to this|

---

  [2] Plaintiff also requests that if the videotape was not held in evidence, the Court order Defendant to amend the "deceptive portions" of his response. It is unclear what deception Plaintiff perceives, and the Court denies this request.

9

request because he does not work at the prison. Furthermore, Defendant is not aware of anyone who possesses any video tape relevant to this request.

Plaintiff contends that the production of this evidence would show whether video cameras would capture Plaintiff's escort on the day of the incident, thus indicating that Plaintiff's escort had been videotaped and should have been held in evidence. Plaintiff seeks videotape from three specific cameras that should have captured images of Plaintiff's escort.

Defendant contends that he is not in possession of this footage, is not aware of anyone who does, and does not have control over it because he no longer works at SATF. Defendant thus contends his response is sufficient.

For the previous reasons, Defendant is to produce this requested video footage, or demonstrate by factual support that he is incapable of producing this video footage. In the event that Defendant is incapable of producing this video footage, Defendant is to provide information as to who would have custody, possession, or control over the requested videotape. Any institutional security concerns can be addressed by a protective order.

    5.  Production No. 4

**Production No. 4:**  Produce the local operational procedure of CSATF and State Prison at Corcoran on September 8, 2003, on crime scene preservation and maintaining the chain of evidence.

**Response:**  Defendant objects to this request on the ground that it is compound, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant does not have possession, custody, or control over any documents responsive to this request. Defendant does not work at SATF. After conducting a reasonable inquiry of documents available to Defendant upon demand, Defendant is not aware of any documents responsive to this request.

Plaintiff contends that this policy is relevant to demonstrate that the incident in the holding room was "sanitized" in violation of departmental operating procedure, which would tend to show that officers and certain defendants attempted to conceal damaging physical evidence.

Defendant contends that because he no longer works at SATF and is not aware of any documents responsive to this request, his response is sufficient. For the previous reasons, Defendant is to produce this requested document, or demonstrate via factual support that he is

1  incapable of production. If Defendant demonstrates that he is incapable of production of this

2  document, Defendant is to provide information as to who would have custody, possession, or

3  control over the requested document.

                6.     Production No. 6

**Production No. 6:** All records from the personnel files for the preceding (5) years prior to September 8, 2003, of C/O J. M. Astorga and C/O J. Fambrough, relative to excessive force or unnecessary force, false reporting, failure to report and all acts of dishonesty.

**Response:** Defendant objects to this request on the grounds that it is compound, violates these individuals right to privacy, this information is confidential pursuant to Section 832.7 of the California Code of Criminal Procedure, and the information is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant does not have possession, custody, or control over any documents responsive to this request. Defendant is not permitted to access the personnel files at SATF because he does not work at that prison. After conducting a reasonable inquiry of the documents available to Defendant upon demand, Defendant is not aware of any documents responsive to this request.

      Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id. Government personnel files are considered official information. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (finding city police department personnel files not subject to discovery for general search). To determine whether the information sought is privileged, courts must "weigh the potential benefits of disclosure against the potential disadvantages." Id. at 1033-1034. If the potential disadvantages are greater, then the privilege bars discovery. Id. at 1033.[3]

      Plaintiff contends this personnel information is necessary to demonstrate whether Defendant Fambrough and correctional officer Astorga have engaged in excessive force, false

---

[3] Defendant's citation to California Penal Code section 832.7 is unavailing. The law of the forum state does not inform federal privilege law. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E. D. Cal. 1997).

11

reporting, and other actions. Plaintiff contends that this would help establish Defendant Adams's liability under a supervisory theory.

Defendant contends that he has no control over the personnel files of former employees. Furthermore, Defendant contends that this would violate the privacy rights of Defendant Fambrough and officer Astorga. Defendant contends that Plaintiff should have requested Defendant Fambrough's personnel file from Defendant Fambrough himself. Plaintiff's motion to compel Adams to produce the files is denied.

Plaintiff amy request these files from Fambrough and Astorga who are defendants in this action. Plaintiff is not entitled to complete unfettered access to these personnel files. However, the specific information requested by Plaintiff is reasonably calculated to lead to the discovery of admissible evidence. Any other privacy concerns can be addressed by a protective order.

## II. <u>Conclusion and Order</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Reynoso's supplemental opposition, filed on July 24, 2009, is sufficient and Defendant Reynoso is not required to file a further response. Plaintiff's motion to compel further response from Defendant Reynoso is denied;

2. Plaintiff's motion to compel further response from Defendant Kalkis, filed on July 30, 2009, is GRANTED. Defendant Kalkis is to produce documents responsive to Requests for Production 4 and 5, or demonstrate with factual support that he is incapable of obtaining documents responsive to the requests, within **thirty (30) days** from the date of service of this order. If Defendant Kalkis demonstrates that he is incapable of obtaining documents responsive to Requests for Production 4 and 5, Defendant is to further provide information, if any, as to who has custody, possession, or control over documents responsive to the request, within **thirty (30) days** from the date of service of this order. Plaintiff will then have **twenty (20) days** after Defendant serves his response in which to file a motion for subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45;

3. Plaintiff's motion to compel, filed on September 28, 2009, is GRANTED IN

PART and DENIED IN PART as follows.

    A.    Defendant Adams's response to Interrogatory No. 8 is sufficient and Defendant Adams is not required to file a further response;

    B.    Defendant Adams is to produce documents responsive to Requests for Production 1, 2, 3, 4, and 6, or demonstrate by factual support that he is incapable of obtaining documents responsive to the request, within **thirty (30) days** from the date of service of this order;

    C.    If Defendant Adams demonstrates that he is incapable of obtaining documents responsive to Requests for Production 1, 2, 3, and 4, Defendant is to further provide information, if any, as to who has custody, possession, or control over documents responsive to the request, within **thirty (30) days** from the date of service of this order. Plaintiff will then have **twenty (20) days** after Defendant serves his response in which to file a motion for subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45; and

4.    Defendant may move for a protective order limiting the scope of production of documents responsive to the requests. This motion should be filed within **thirty (30) days** from the date of service of this order. Opposition by Plaintiff, if any, is to be filed within **twenty (20) days** after service of the motion, and any reply is to be filed within **ten (10) days** after service of the opposition.

IT IS SO ORDERED.

Dated:   **March 18, 2010**          /s/ **Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE