# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. OCHOTORENA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-01524-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(DOC. 80)<br><br>PLAINTIFF'S RESPONSE, IF ANY, DUE WITHIN **TEN (10) DAYS** |

Plaintiff Richard A. Ochotorena ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed November 30, 2005, against Defendants Adams, Kalkis, Reynoso, Curtiss, Duncan, Fambrough, Lane, and Rodriquez ("Defendants").[1] Plaintiff alleges that on September 8, 2003, while incarcerated at the California Substance Abuse Treatment Facility ("SATF"), Defendants violated his Eighth Amendment rights when excessive force was used against him.

　On November 10, 2008 and December 30, 2008, Plaintiff filed motions to compel. On July 6, 2009, the Court granted in part and denied in part Plaintiff's motions to compel. On July 30, 2009 and September 28, 2009, Plaintiff filed motions to compel. On March 19, 2010, the Court granted in part and denied in part Plaintiff's motions to compel. Pending before the Court is Plaintiff's motion to compel, filed May 6, 2010. Defendants filed an opposition on May 25,

---

[1] Unserved Defendant J. M. Astorga has yet to appear in this action.

1

2010.  Plaintiff filed his reply on June 7, 2010.  The matter is submitted pursuant to Local Rule 230(l).

**I.     Defendant Adams**

Plaintiff seeks to compel further response from Defendant Adams as to Requests for Production Nos. 1, 2, 3 and 4, Set No. One.

Request No. 1[2]:       Produce the Video Surveillance Institutional Operational Procedure Plan for Facility "C" at CSATF and State Prison at Corcoran on September 8, 2003.

Defendant Adams maintains that he is no longer the Warden at CSATF, and has no authority or control over any employees at SATF, and only authority over some individuals at his current posting as acting Chief Deputy Warden at Calipatria State Prison.  (Defs.' Opp'n 3:18-28.)   Defendant Adams cites to section 3380(a), Title 15 of the California Code of Regulations.[3]

Request No. 2:       Produce the surveillance tape from all active camera angles of video footage of the Facility "C," program office and medical area on September 8, 2003, relative to CSATF log No. 03-3924.

Defendant Adams contends that the relevant footage does not exist to the best of his knowledge.  Defendant Adams does not believe that SATF retained any footage from September 8, 2003.  Defendant Adams also reiterates his contention that because he is no longer the Warden at SATF, he has no authority over employees there, and thus cannot produce the requested documents.

Plaintiff requests a subpoena duces tecum be served on the Warden of SATF for the production of this videotape footage in the event that the Court denies Plaintiff's motion to compel.  (Doc. 81.)

Defendant Adams states that he has no control over employees at SATF, and thus has no

---

[2] The specific operational plan Plaintiff refers to is "O.P. 315: Exercise Yard Video Monitoring."  (Pl.'s Mot. Compel 12, filed Sept. 28, 2009, Doc. 67.)  Plaintiff previously contended that he had discovered this document in a previous action in state court, but does not possess a copy, as it was returned pursuant to a protective order.  (Pl.'s Reply 6-7, Doc. 73.)

[3] The section states that "[t]he warden or superintendent of an institution of the department is the chief executive office of that institution, and is responsible for the custody, treatment, training and discipline of all inmates under his or her charge."  Cal. Code Regs. tit. 15, § 3380(a).

1 authority to demand the production of any videotape from SATF on September 8, 2003. It is
2 undisputed that Defendant Adams is not the current Warden of SATF. The Court will accept
3 Defendant's response as sufficient, and deny Plaintiff's motion to compel as to Request Nos. 1
4 and 2. However, Plaintiff's request is reasonably calculated to lead to the discovery of
5 admissible evidence. Accordingly, the Court will issue a subpoena duces tecum on the Warden
6 of SATF and his agents by separate order.

7 <u>Request No. 3</u>:   Produce video surveillance tape footage of normal inmate movement from all active angels [sic] of the Facility "C," program office and medical area
8    of CSATF and State Prison at Corcoran.

9        Plaintiff contends that this footage will demonstrate normal inmate movement at SATF.
10 Plaintiff appears to contend that showing the normal inmate movement on any general day will
11 demonstrate that the area encompassed during his escort is a blacktop walkway with persons
12 walking to and from. Plaintiff contends that departmental policy mandates that any time there is
13 an alarm, unusual occurrence, or incident, the videotape of that incident is to be placed into
14 evidence. Plaintiff has not sufficiently explained the relevancy of videotape footage from a
15 normal day. This request is not reasonably calculated to lead to the discovery of admissible
16 evidence. Plaintiff's contention, that videotape footage on September 8, 2003 may exist which
17 shows how Plaintiff was treated during his escort, is not shown through videotape footage of a
18 normal day's daily activity. The Court thus denies Plaintiff's request.

19 <u>Request No. 4</u>:   Produce the local operational procedure of CSATF and State Prison at Corcoran on September 8, 2003 on Crime Scene Preservation and
20    Maintaining the Chain of Evidence.

21        The Court denies this request as to Defendant Adams, as Plaintiff's request is better
22 addressed in reference to Defendant Kalkis, below. Plaintiff has already received the
23 Department Operational Manual sections pertaining to Plaintiff's request.

24 **II.   <u>Defendant Kalkis</u>**

25 <u>Request No. 4</u>:   Produce CSATF and state prisons local operational procedure on photographing a crime scene in effect on September 8, 2003.
26
<u>Request No. 5</u>:   Produce CSATF and state prisons local operational procedure on crime
27    scene preservation in effect on September 8, 2003.

28        Defendant Kalkis in his supplemental response provided section 5205.15 of the

Department Operations Manual regarding the collection and processing of evidence other than contraband.  Plaintiff contends that this is not the information Plaintiff seeks; rather, Plaintiff seeks information possessed by the in-service training manager pursuant to section 32010.15 of the Department Operations Manual.  (Pl.'s Mot. Compel 2-3, Doc. 80.)  Defendant Kalkis was not aware of any additional operational procedures prior to May 12, 2010, when litigation coordinator Villa informed Defendant Kalkis and defense counsel that A. Hernandez, the assistant In-Service-Training Manager at SATF, possessed training materials, including two power point presentations and a 2003 lesson plan regarding general evidence collection.  (Defs.' Opp'n 7:17-26.)  A. Hernandez could not release the training materials due to security concerns, and these materials are not an operational procedure or prison policy, but rather a method of training correctional staff on how to evaluate the significance of evidence that went beyond the items collected pursuant to operational procedures.  (Defs.' Opp'n 7:26-8:5.)  Plaintiff requests that the Court require Defendants to move for a protective order if there are security concerns, and compel Defendant Kalkis to produce the requested documents.  (Pl.'s Reply 7-8, Doc. 83.)

       Plaintiff requests these training materials for the purpose of demonstrating that Defendant Kalkis failed to follow proper training regarding collection and evaluation of evidence following the alleged incident.  This appears to be reasonably related to the discovery of admissible evidence.  As Defendant Kalkis does not appear to have the authority to produce the requested documents, the Court will deny Plaintiff's motion to compel as to Requests Nos. 4 and 5.[4]  Plaintiff may file a motion for subpoena duces tecum as to A. Hernandez within ten days from the date of service of this order.  *See* Fed. R. Civ. P. 45.  Plaintiff is to describe with specificity what he seeks produced.

### III. **Conclusion And Order**

       Based on the foregoing, the Court HEREBY ORDERS the following:

       1.     Plaintiff's motion to compel, filed May 6, 2010, is DENIED;

---

[4] Plaintiff contends that Defendants or their counsel have the ability to produce the documents in question. This is not clear, as A. Hernandez has informed both Defendant Kalkis and counsel that the documents will not be produced because of security concerns.

4

2.  The Court will issue a subpoena duces tecum regarding Plaintiff's Request For Production Nos. 1 and 2, Set One, as to Defendant Adams by separate order; and

3.  Plaintiff may file a motion for subpoena duces tecum regarding Requests For Production Nos. 4 and 5, Set One (Defendant Kalkis), within **ten (10) days** from the date of service of this order, as stated herein.

IT IS SO ORDERED.

Dated:   **September 27, 2010**              /s/ **Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE