# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. OCHOTORENA,<br><br>            Plaintiff,<br><br>   v.<br><br>DARREL G. ADAMS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:05-CV-01524-LJO-DLB PC<br><br>ORDER DENYING SUPPLEMENTAL MOTION TO COMPEL<br><br>(DOC. 87) |

Plaintiff Richard A. Ochotorena ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's supplemental motion to compel, filed October 12, 2010. (Doc. 87.) Defendants filed their opposition on October 20, 2010. (Doc. 88.) Plaintiff filed his reply on November 8, 2010. (Doc. 89.) The matter is submitted pursuant to Local Rule 230(l).

Plaintiff had requested production of video surveillance tape footage of normal inmate movement from all active angles of Facility C, for the program office and medical area of California Substance Abuse Treatment Facility ("CSATF"). The undersigned had found that Plaintiff's Request For Production No. 3 to Defendant Adams was not reasonably calculated to lead to the discovery of admissible evidence, and denied the request. (Sept. 28, 2010 Order 3:9-18, Doc. 85.)

Plaintiff contends that the Court erred in its September 28, 2010 Order. Plaintiff contends that the video footage of normal inmate movement will demonstrate that the areas

1

1   encompassed in Plaintiff's actual video escort are monitored by video surveillance pursuant to
2   Operational Procedure 315, and that the footage of normal inmate movement provides clear
3   images to allow the viewer to establish the identities and conduct of inmates and staff captured in
4   the images.
5         This argument is unpersuasive as to the production of video of normal inmate movement.
6   Plaintiff has already submitted a request subpoena duces tecum for Operational Procedure 315,
7   which the Court will grant by separate order.  Thus, actual video of normal inmate movement
8   would be unnecessary to establish whether Plaintiff's escort was supposed to be monitored that
9   day.  Additionally, videotape of normal inmate movement would not demonstrate whether video
10  footage of Plaintiff's escort should have been retained as evidence.
11        Plaintiff's argument that video footage of normal inmate movement would provide clear
12  images to establish the identities of inmate and staff does not further the discovery of admissible
13  evidence here.  There is no reasonable connection between the activities during a normal inmate
14  movement on a random day and Plaintiff's escort on the day at issue in this action.
15        Plaintiff contends that the videotape of the day of Plaintiff's escort is likely no longer in
16  existence.  However, this does not provide sufficient rationale for production of videotape of
17  normal inmate movement, which would have nothing to do with the specifics of the events at
18  issue here.  It is unclear to this Court how video tape of non-related inmates being escorted for
19  reasons unrelated to this action would be reasonably calculated to lead to the discovery of
20  admissible evidence.
21        Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff's
22  supplemental motion to compel, filed October 12, 2010, is denied.

25       IT IS SO ORDERED.

26       Dated:   **December 1, 2010**                    **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE