# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. OCHOTORENA, | CASE NO. 1:05-CV-01524-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION TO COMPEL (DOC. 97) |
| v. | |
| DARREL G. ADAMS, et al., | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART (DOC. 98) |
| Defendants. | |

Plaintiff Richard A. Ochotorena ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Adams, Kalkis, Reynoso, Curtiss, Duncan, Fambrough, Lane, and Rodriquez. On December 8, 2010, the Court granted Plaintiff's motion for issuance of subpoena duces tecum on two prison officials at California Substance Abuse Treatment Facility ("SATF").  On February 3, 2011, the subpoenas were executed.  On March 15, 2011, Plaintiff filed a motion to compel regarding the subpoenas.  Doc. 98.  On April 4, 2011, non-party CDCR filed an opposition.  Doc. 99.  On April 14, 2011, Plaintiff filed his reply.  Doc. 100.

Plaintiff also filed a motion for extension of time to file his motion to compel.  Doc. 97. The Court finds Plaintiff's motion timely.

I.   **Motion To Compel**

Plaintiff moves to compel the production of documents, as listed in the subpoenas.  The Court had granted a motion for subpoena as to the following requests:

1

1. Produce the video surveillance operational procedure plan for Facility "C" (officially known as Operational Procedure "O.P.-315 Exercise Yard Video Monitoring) at CSATF and State Prison at Corcoran on September 8, 2003.

2. Produce the video surveillance tape from all active camera angles of video footage of the Facility "C", program office and medical area on September 8, 2003, relative to CSATF Log No. 03-3924.

3. Produce CSATF and State Prison's local operational procedure on photographing a crime scene in effect on September 8, 2003.

4. Produce CSATF and State Prison's local operational procedure on crime scene preservation in effect on September 8, 2003.

Plaintiff moved to compel the production of the documents from CDCR after it objected. Pl.'s Mot. Compel, Doc. 99. Plaintiff contends that Operational Procedure 315 will demonstrate that Defendant Curtiss, who participated in the alleged excessive force, was also responsible for the retention of any videotape surveillance regarding the incident, and failed to do so. Pl.'s Mot. Compel, Ex. C, Pl.'s Decl. 2-3, Doc. 99. Plaintiff contends that the procedures regarding photographing and preserving a crime scene will demonstrate that Defendant Kalkis, who participated in the alleged excessive force, also took photographs of the scene after the incident, even though he was not authorized to do so. Pl.'s Mot. Compel, Ex. C, Pl.'s Decl. 4, Doc. 99.

      CDCR opposes the production of all four documents. Regarding the videotape on September 8, 2003, CDCR contends that no such videotape currently exists, and Plaintiff does not dispute this.[1] CDCR Opp'n 6:26-7:2, Doc. 99. CDCR contends that the other documents are subject to the official information federal privilege, and that the production of these documents for Plaintiff would undermine institutional security. *Id.* at 4:4-5:14. Federal common law recognizes a qualified privilege for production of "official information." *Sanchez v. City of*

---

[1] Plaintiff seeks reconsideration of the Court's December 1, 2010 Order which denied Plaintiff's supplemental motion to compel. Doc. 90. Plaintiff moved for production of video surveillance tape from all active camera angles of video footage of the Facility "C", program office and medical area, for normal inmate movement. *Id.* Plaintiff seeks such videotape merely as demonstrative evidence. The undersigned found that such video was not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff presents no new arguments that merit reconsideration.

2

1  *Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).  "[C]ourts must weigh the potential benefits
2  of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars
3  discovery."  *Id.*

4       CDCR submits in support of their opposition a declaration from lieutenant Eric
5  McCormack, an In Service Training Manager for the California Substance Abuse Treatment
6  Facility ("SATF") in Corcoran, California.  CDCR Opp'n, Erick McCormack Decl., Doc. 99-6.
7  Lieutenant McCormack declares that Operational Procedure 315 provides procedures for
8  surveillance on facilities within the prison.  McCormack Decl. ¶ 6.  The operational procedure
9  includes information regarding when videos are changed and when video tapes rewind.  *Id.*
10 CDCR also contends that no actual operational procedures regarding photographing a crime and
11 crime scene preservation exists.  CDCR Opp'n 7:3-20.  The only remaining documents that are
12 possibly responsive are training materials, including two power point presentations and a lesson
13 plan.  *Id.*  Lieutenant McCormack declares that these training materials are for the purpose of
14 how to conduct investigation of crimes that occur within the prison.  McCormack Decl. ¶ 5.

15      The Court finds that Plaintiff's reasons for seeking production of these documents are
16 relevant to this action.  The Court is cognizant that institutional security is a serious concern in
17 the prison context.  Thus, the Court will modify the subpoena and limit the production that
18 Plaintiff seeks.  CDCR or SATF will be required to produce Operational Procedure 315 as it
19 existed on or around September 8, 2003, insofar as it relates to a description of the purpose of the
20 Operational Procedure, under what circumstances a videotape is retained generally, and the
21 responsibilities of the incident commander or other supervisory prison officials regarding
22 retention of any videotape.  CDCR or SATF will also be required to produce the training
23 materials as they existed on or around September 8, 2003, insofar as they relate to a description
24 of the purpose of the training materials and who is authorized to participate in photographing or
25 otherwise documenting a crime scene.

26      The above modification would appear to address CDCR's institutional security concerns,
27 as CDCR will not be required to produce how and what actions are taken regarding crime scene
28 preservation or video surveillance, merely who is responsible for what.  If CDCR has need for a

protective order regarding the above production, CDCR may so move for such an order. Such protective order will be subject to Court review and Rule 45 of the Federal Rules of Civil Procedure.

## II. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that

1. Plaintiff's motion for extension of time to file a motion to compel, filed March 10, 2011, is GRANTED;

2. Plaintiff's motion to compel, filed March 15, 2011, is GRANTED in part as follows:

   a. CDCR or SATF will produce Operational Procedure 315 as it existed on or around September 8, 2003, insofar as it relates to a description of the purpose of the Operational Procedure, under what circumstances a videotape is retained generally, and the responsibilities of the incident commander or other supervisory prison officials regarding retention of any videotape;

   b. CDCR or SATF will produce the training materials as they existed on or around September 8, 2003, insofar as they relate to a description of the purpose of the training materials and who is authorized to participate in photographing or otherwise documenting a crime scene;

3. All other requests for production are denied;

4. CDCR is to produce the above documents within thirty (30) days from the date of service of this order; and

5. CDCR may move for protective order, if necessary, within fourteen (14) days from the date of service of this order.

IT IS SO ORDERED.

Dated:  **May 11, 2011**                    **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE