# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. OCHOTORENA, | CASE NO. 1:05-CV-01524-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING CDCR'S MOTION FOR PROTECTIVE ORDER |
| v. | (DOC. 104) |
| DERRAL G. ADAMS, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff Richard A. Ochotorena ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  On May 12, 2011, the Court granted in part Plaintiff's motion to compel non-party CDCR to produce certain documents.  Doc. 103. CDCR was granted the opportunity to file a motion for protective order.  On May 24, 2011, CDCR filed a motion for protective order.  Doc. 104.  On June 9, 2011, Plaintiff filed his non-opposition to CDCR's motion.  Doc. 108.

The Court hereby ORDERS as follows:

1.  This Order Governing Confidential Information (the "Protective Order") shall govern the designation and handling, by any person, of the information contained in the confidential documents ("Confidential Information") Plaintiff Richard A. Ochotorena ("Plaintiff") obtained pursuant to the "Subpoenas in a Civil Action," dated December 22, 2010, as modified by the Court's May 11, 2011 Order Granting Plaintiff's Motion to Compel in Part.

2.  The word "document" as used herein shall be construed to mean any document, tangible thing or writing as defined by Federal Rule of Civil Procedure 34(a) and Federal Rule of

1

1    Evidence 1001(1).

2        3.  The word "person" as used herein shall include any individual, entity, natural person,

3    or any business, legal or governmental entity or association. "Producing Person" refers to any

4    person that produces Confidential Information. "Receiving Person" refers to any person that

5    receives Confidential Information subject to this Protective Order.

6        4.  Confidential Information shall be subject to the following restrictions:

7            a.    Confidential Information shall be used solely for the purpose of preparing

8                  for, and conducting, the prosecution or defense of this Action, including

9                  any appeals thereof, and shall not be used by the parties or any other

10                 person for any other purpose.

11           b.    Confidential Information shall not be given, shown, made available or

12                 communicated in any way to anyone except those persons specified in

13                 subparagraph (c) below to whom it is necessary that such Confidential

14                 Information be given or shown for the purposes permitted under

15                 subparagraph (a) above.

16           c.    Confidential Information may be disclosed, for the purposes set forth in

17                 subparagraph (a) above, only to a "Qualified Person," as defined as

18                 follows:

19                 i.     counsel of record for the parties, and attorneys, paralegal, clerical

20                        and other staff employed by such counsel who are assisting in the

21                        conduct of this Action;

22                 ii.    parties to this Action;

23                 iii.   witnesses at any deposition or hearing in this Action;

24                 iv.    such consultants, experts, and investigators (including their

25                        professional staff) retained by the parties, or their respective

26                        counsel, as they in good faith deem necessary to provide assistance

27                        in connection with the conduct of this Action;

28                 v.     the Court, court personnel, and jurors, potential jurors or alternate

jurors;

vi.     court reporters and videographers used in connection with the conduct of this Action;

vii.    outside photocopying, graphic production services, litigation support services, and document hosting vendors retained by the parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of this Action;

viii.   persons who are or were authors or recipients of the Confidential Information; and

ix.     any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in this Action or to indemnify or reimburse for payments made to satisfy a judgment.

5.  Each person described in subparagraph 8(c) to whom Confidential Information is disclosed shall first be advised that such Confidential Information is being disclosed pursuant and subject to the terms of this Protective Order and that Confidential Information may not be disclosed other than pursuant to the terms hereof.

6.  If any Receiving Person inadvertently discloses Confidential Information to persons who are not Qualified Persons, such disclosure shall be reported in writing to the Producing Person who produced such inadvertently disclosed Confidential Information. In that event, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential Information and obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Information in accordance with the terms of this Protective Order.

7.  In the event that any person discloses Confidential Information in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court pre-trial, the disclosing person shall conditionally file the confidential information under seal with the Clerk of this Court pursuant to Local Rule 141; provided, however, that the paper shall be furnished to the Court and

3

1   the attorneys for the parties and a duplicate copy with the confidential information deleted will be

2   placed in the public record insofar as possible. This Protective Order shallconstitute prior

3   approval by the Court of all such filings made under seal. The parties understand that any

4   submission of documents under seal should seek to file under seal only those portions of the

5   documents that contain Confidential Information, and should be made to the judicial officer

6   presiding over the proceedings in question.

7        8.   The approval of this Protective Order shall not prejudice the right of a party to seek, at

8   any time, a determination by the Court of whether any particular document or information should

9   be subject to the terms of this Protective Order.

10       9.   Absent consent from a Producing Person, no Confidential Information produced by

11  such Producing Person may be used in connection with any other litigation, matter, or proceeding

12  except for Richard A. Ochotorena v. Darrel G. Adams et. al. United State District Court, Eastern

13  District of California, Case No.1:05CV01524 LJO-DLB.

14       10.  This Protective Order shall be without prejudice to the rights of a Producing Person

15  to seek further limits on disclosure or protections for the confidentiality of any discovery material

16  (whether or not Confidential Information) in addition to the limits and protection provided

17  herein, to contest such application.

18       11.  Other parties to this Action, including any additional parties that join or are joined in

19  this Action, may have access to Confidential Information only by additional order of the Court or

20  by the party's executing and filing with the Court a stipulation agreeing to be fully bound by this

21  Protective Order.

22       12.  Within thirty (30) days after the final termination of this Action, whether through

23  settlement, trial, appeal, collateral review, or other final dispositions, all Confidential

24  Information, and all copies, shall be destroyed or returned to CDCR. If said documents, or copies

25  thereof, are destroyed, notification of their destruction shall be given to CDCR.

26       13.  Any violation of this Protective Order may be punishable as Contempt of Court.

27       14.  Nothing in this Stipulation and Protective Order is intended to prevent officials or

28  employees of CDCR from having access to and use of materials to which they would have access

1   in the normal course of their official duties.

2       15.  In addition to the restrictions outlined above, no materials containing the name,

3   address, or other identifying information, such as date of birth, Social Security Number

4   (collectively, "Identifying Information") about any person, including without limitation any

5   CDCR employee, shall be shown to or provided to Plaintiff or any other inmate, without further

6   order of the Court.

7       IT IS SO ORDERED.

8   **Dated:** __**June 15, 2011**__       _____**/s/ Dennis L. Beck**_____

                             UNITED STATES MAGISTRATE JUDGE