# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. OCHOTORENA,<br><br>        Plaintiff,<br><br>   v.<br><br>DERRAL G. ADAMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-CV-01524-LJO-DLB PC<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(DOC. 111)<br><br>CDCR'S RESPONSE DUE WITHIN THIRTY (30) DAYS |

Plaintiff Richard A. Ochotorena ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Adams, Kalkis, Reynoso, Curtiss, Duncan, Fambrough, Lane, and Rodriquez.  Pending before the Court is Plaintiff's objections to non-party CDCR's production of documents, filed July 11, 2011.  Doc. 111.  The Court construes Plaintiff's objections as a motion to compel pursuant to Federal Rule of Civil Procedure 45.  On August 23, 2011, the Court ordered non-party CDCR to submit documents with the Court for in camera review.  Doc. 117.  Having reviewed the documents, the Court issues the following order.

**I.    Motion To Compel**

On May 12, 2011, the Court granted in part Plaintiff's subpoena duces tecum for production of documents on CDCR.  CDCR or the California Substance Abuse Treatment

1

Facility ("SATF") was ordered to produce Operational Procedure 315 as it existed on or around September 8, 2003, and to produce training materials that related to photographing or otherwise documenting a crime scene. Order, Doc. 103. CDCR filed a motion for protective order, which was granted on June 15, 2011. CDCR subsequently produced a redacted copy of Operational Procedure 315, and a redacted copy of the instructional Crime Scene and Evidence Preservation training materials.

Plaintiff moves the Court to order CDCR to produce unredacted, responsive documents. Plaintiff contends that the documents produced by CDCR were overly redacted and thus non-responsive to Plaintiff's subpoena duces tecum. CDCR contends that it responded fully. CDCR contends that producing further information would jeopardize institutional security.

**A.     Operational Procedure 315**

Plaintiff requested Operational Procedure 315 ("OP 315"), which governed Exercise Yard Video Monitoring for SATF at the time of the incident in question. This version of OP 315 was distributed on July 18, 2002. The incident in question occurred on September 8, 2003. Plaintiff contends that Defendant Curtiss, who participated in the alleged excessive force, was also responsible for the retention of any videotape surveillance regarding the incident as the incident commander, and failed to do so.

OP 315 contains eight sections, including I. Plan Title and Number; II. Purpose and Objectives; III. References; IV. Approval and Review; V. Responsibility; VI. Methods; VII. Incident/Unusual Occurrence; and VIII. General Instructions.[1] Plaintiff's contention concerned section VII, titled "Incident/Unusual Occurrence," which explained the roles of complex/control officers and the facility sergeant/incident commander regarding video camera operation during an incident.

The Court had ordered production of OP 315 insofar as it relates to a description of the purpose of the Operational Procedure, and the responsibilities of the incident commander or

---

[1] The Court notes that General Instructions was labeled as VII in OP 315, which appears to have been an error.

other supervisory prison officials regarding retention of any videotape that captures an incident or unusual occurrence. In CDCR's first production of this document, only sections I through V were unredacted. However, section VII is responsive to Plaintiff's request. The Court finds that OP 315 in its entirety does not contain materials of such sensitive nature that it requires redaction. The redacted information included the type of tape used, how often the tape can be used, and which posted complex/central control officers (by post number) would review the tape, none of which the Court finds would qualify as particularly sensitive information. Thus, the Court will grant Plaintiff's motion as to OP 315, subject to a protective order limiting the time, place, and manner that Plaintiff may view OP 315. The Court will order that the litigation coordinator of the prison at which Plaintiff is currently housed to retain custody of the document, and to arrange for Plaintiff to be able to examine the document in a reasonable manner for purposes of this litigation.

**B.     Crime Scene And Evidence Preservation**

Plaintiff requested the training materials pertaining to crime scene and evidence preservation. Plaintiff contends that an officer involved in the alleged excessive force against Plaintiff, Defendant Kalkis, was also involved in preserving evidence and the crime scene, contrary to CDCR procedure. The Court had ordered production of the lesson plan insofar as it provides a description of the purpose of the lesson and who is authorized to participate in crime scene and evidence preservation. CDCR in its first production of this document produced a description of the lesson plan. In response to the Court's order to produce documents for in camera review, CDCR produced the lesson plan regarding crime scene and evidence preservation, approved August 14, 2003. CDCR also produced a content description, work exercises, and power point slides related to the lesson plan.

The lesson plan includes eight sections: A. Introduction and Definitions, including definitions of categories of evidence; B. Identify Items To Preserve/Collect As Evidence, which provides a list of items that may be evidence; C. Recognize The Four Functions Of Evidence, which describes what evidence is used for generally; D. Preserving The Crime Scene, which defines the crime scene and the actions to be taken by correctional officers at the scene; E. Obtain

Urinalysis For Evidence (Seize Evidence), which describes taking urine samples; F. Describe Crime Scene Search Techniques, which explains methods of searching; G. Preserve Evidence, which defines preservation of evidence and the steps taken; and H. Summary.

Of these eight sections, section D, Preserving The Crime Scene, pages 14 to 22, and section G, Preserve Evidence, pages 32 to 40, are responsive to Plaintiff's discovery request. Sections D and G describe what correctional officers should do concerning crime scenes and evidence preservation. This information is not of such a privileged nature that redaction is necessary for the sections. The Court finds the practice exercises and the other sections unnecessary for purposes of Plaintiff's discovery request, and CDCR will not need to produce them.

Sections D and G are reasonably calculated to lead to the discovery of admissible evidence. The remainder of the documents are unnecessary and need not be produced for Plaintiff's inspection. The Court will grant Plaintiff's motion as to the lesson plan regarding Crime Scene and Evidence Preservation as stated herein, subject to a protective order limiting the time, place, and manner that Plaintiff may view the lesson plan. The Court will order that the litigation coordinator of the prison at which Plaintiff is currently housed to retain custody of the document, and to arrange for Plaintiff to be able to examine the document in a reasonable manner for purposes of this litigation.

## II.     Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's objections, filed July 11, 2011 and construed as a motion to compel, are GRANTED in part;

2. CDCR is to produce for Plaintiff Operational Procedure 315, distributed July 18, 2002, in its entirety;

3. CDCR is to produce for Plaintiff the lesson plan regarding Crime Scene and Evidence Preservation, approved August 14, 2003, sections D and G only ("Preserving The Crime Scene" and "Preserve Evidence"), excluding practice exercises;

4

4. CDCR is to produce these documents for Plaintiff's inspection within thirty (30) days from the date of service of this order; and

5. The Court will issue a protective order, delineating the time, place, and manner in which Plaintiff may inspect the documents mentioned herein.

IT IS SO ORDERED.

Dated:   **November 16, 2011**              /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE