# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. OCHOTORENA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. CURTISS, et al.,<br><br>　　　　　Defendants.　　　　　／ | CASE NO. 1:05-cv-01524-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 142) |

　　　　Plaintiff Richard A. Ochotorena ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This case is proceeding against Defendants Duncan, Fambrough, Curtiss, Kalkis, Lane, and Rodriquez for excessive force in violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion for reconsideration, filed August 27, 2012. ECF No. 141. On September 7, 2012, Defendants filed their opposition. ECF No. 160. On September 19, 2012, Plaintiff filed his reply. ECF No. 164. The matter is submitted pursuant to Local Rule 230(l).

　　　　Plaintiff moves for reconsideration of the Court's Pretrial Order, issued August 10, 2012, which denied Plaintiff's motion for the attendance of incarcerated witnesses Joel Alatorre, Ronnie Ventura, and Roy Rodriguez. Plaintiff had filed a motion for attendance of incarcerated witnesses on July 26, 2012. Defendants filed an opposition to Plaintiff's motion on July 31, 2012.

　　　　Plaintiff first contends that he filed a reply to Defendants' opposition to Plaintiff's motion. It appears based on the proof of service that Plaintiff mailed the reply to the wrong

1

address.  Thus, Plaintiff contends that it was not considered during the pretrial conference.  In the interest of justice, the Court will consider Plaintiff's arguments in his reply in conjunction with Plaintiff's motion for reconsideration.

**A.     Plaintiff's Reply**

Plaintiff contends that inmate witnesses Ventura and Alatorre would testify as to Defendant Curtiss's character regarding truthfulness.  Pl.'s Reply 3-4, ECF No. 142.  Plaintiff intends to use these witnesses to impeach Defendants pursuant to Rule 608(b) of the Federal Rules of Evidence.  Pl.'s Reply 3-4.  Defendant Duncan had previously testified during a criminal trial involving Plaintiff that Plaintiff had been handcuffed and placed in the program office in order for Plaintiff to cool down.  Pl.'s Reply 3.  Plaintiff contends that Ventura and Alatorre's testimony would demonstrate that Defendants had an intent and plan to use force on inmates who are perceived to be responsible for violent or serious misconduct.  Pl.'s Reply 4.

The Court finds Plaintiff's argument unavailing.  The probative value of Ventura and Alatorre's testimony is substantially outweighed by the danger that the testimony will mislead the jury and confuse the issues pursuant to Rule 403 of the Federal Rules of Evidence.  Ventura and Alatorre's proposed testimony concerns alleged conduct by Defendants two days after the events at issue in this action.  Plaintiff also contends their testimony is relevant for the purposes of demonstrating Defendants' intent or plan pursuant to Rule 404(b) of the Federal Rules of Evidence.  However, testimony concerning conduct that happened after the alleged event at issue is not probative of demonstrating an intent or plan prior to the alleged event at issue.

**B.     Motion for Reconsideration**

Plaintiff raises the following arguments in his motion for reconsideration.  Plaintiff contends that another district court, *Ismael v. Cohen*, 899 F.2d 183 (2d Cir. 1990), admitted evidence that a defendant police officer in an incident three months after the plaintiff's action had attacked and arrested another person, and lied to cover up the evidence.  Plaintiff contends that an appellate court upheld the admissibility of the evidence.  Plaintiff also contends that inmate Alatorre would testify that Defendant Curtiss failed to request the video tape of the incident which would have exonerated Alatorre and implicated Defendant Curtiss and other officers under

his control for excessive force.

Plaintiff also moves for inmate Rodriguez to be allowed to testify as to Plaintiff's character for truthfulness. Inmate Rodriguez would not testify that Plaintiff had been wrongfully convicted.

Defendants contend that Plaintiff is rearguing the same evidence. Defs.' Opp'n 3-4, ECF No. 160. Defendants contend that the Court had already found that inmates Ventura and Alatorre would testify solely to offer inadmissible character evidence. Defs.' Opp'n 3-4. Defendants contend that inmate Rodriguez's testimony would be disputed evidence, not admissible, and substantially outweighed by the danger of confusion of the issues, unfair prejudice, and misleading the jury.

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.*

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original).

Plaintiff presents no persuasive argument for reconsideration. The actions of one district court in finding certain evidence admissible and other evidence inadmissible is a matter for the court's discretion. *See Ismael*, 899 F.2d at 188-89 (appellate court affirming admissibility of evidence based on district court's carefully reasoned memorandum, determining that district court did not abuse its discretion). Inmates Ventura and Alatorre would testify only to inadmissible character evidence. As stated previously, alleged incidents after the events at issue

in this action do not help demonstrate an intent or plan prior to the events at issue.  The probative value of inmate Rodriguez's testimony is substantially outweighed by the danger of misleading the jury, confusing the issues, undue delay, and wasting time.

     Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed August 27, 2012, is denied.

IT IS SO ORDERED.

**Dated:**   **October 15, 2012**          **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES DISTRICT JUDGE