# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. OCHOTORENA, | CASE NO. 1:05-cv-01524-LJO-DLB PC |
| Plaintiff, | ORDER REGARDING MOTIONS IN LIMINE |
| v. | ECF Nos. 144, 147, 155, 156 |
| K. CURTISS, et al., | |
| Defendants. | |

## I. Background

Plaintiff Richard A. Ochotorena ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This case is proceeding against Defendants Duncan, Fambrough, Curtiss, Kalkis, Lane, and Rodriquez for excessive force in violation of the Eighth Amendment. This matter is currently set for jury trial on February 5, 2013 before the undersigned.

Pending before the Court are Plaintiff's motions in limine, filed August 27, 2012 and September 4, 2012, and Defendants' motion in limine, filed August 28, 2012. The matters are submitted pursuant to Local Rule 230(l). In the interest of judicial economy, the Court will adjudicate these motions by this order.

## I. Plaintiff's Motions in Limine

### #1 Motion to Admit Statements by Deceased Witness

Plaintiff moves to admit statements allegedly made by a deceased witness, Sean Hirsch. ECF No. 144. Mr. Hirsch had allegedly made these statements previously to Mr. Richard

1

1 Martinez, an investigator working on Plaintiff's behalf during a prior criminal proceeding related

2 to the incidents alleged in this action.  Plaintiff contends that Mr. Hirsch's statements corroborate

3 Plaintiff's version of events.  Mr. Hirsch's alleged statement is that:

> They brought an inmate in, I assumed because of an alarm. There were two officers, one was Duncan and the other may have been Kalkis. About four other staff were waiting for escorts. Inmate Ochotorena was in cuffs, he turned to go to the holding cell room, and I heard a 'ruckus' then saw 'fists a flying.' I never saw anyone get turned up before, not to this extent. It was just a cheap shot.

7 ECF No. 135, Ex. H.

8 Defendants contend that Mr. Hirsch's alleged statements to Mr. Martinez are

9 inadmissible as hearsay, and do not fall within an exception under Rule 804(b) of the Federal

10 Rules of Evidence.  Defendants also contend that the alleged statement is inadmissible under

11 Rule 403 on the grounds that it would confuse and mislead the jury.

12 **Ruling:** Mr. Hirsch's alleged statement contains two layers of hearsay, both of which render the

13 statement inadmissible.  First, Mr. Martinez's report of Mr. Hirsch's statement is itself hearsay,

14 and Plaintiff has provided no argument as to the admissibility of the report.  Second, Plaintiff has

15 not demonstrated his knowledge that Mr. Hirsch is deceased.  Even assuming Mr. Hirsch is

16 deceased, his statement is not within any exception under Rule 804(b).  Third, the statement is

17 vague as to what Mr. Hirsch allegedly saw, and would confuse and mislead the jury.

18 **Accordingly, Plaintiff's motion is denied.**

19 **#2      Motion to Admit Evidence at Trial Relative to Custodian of Records Declaration**

20 Plaintiff seeks to offer at trial all items that are listed in a declaration by Dana Arline, the

21 custodian of records at California Substance Abuse Treatment Facility in Corcoran, California.

22 ECF No. 155. Plaintiff appears to seek to authenticate certain records and admit them as business

23 records.

24 Defendants contend that Plaintiff has not provided them with copies of these records, and

25 that Plaintiff's motion should be denied, without prejudice.[1]

---

[1] Plaintiff submitted a copy of his trial exhibits with the Court, but did not send Defendants a copy.  Pl.'s Reply, ECF No. 166.  Plaintiff requested that the Court copy the exhibits and send them to Defendants.  Plaintiff's request is denied.  A copy of Plaintiff's trial exhibits will be provided to

**Ruling:** Plaintiff's motion is devoid of a list of the documents that pertain to his motion. The Court cannot make a determination that the documents which Plaintiff intends to offer at trial will be authenticated under Rule 902(11) or admissible as an exception to the hearsay rule under Rule 803(6) of the Federal Rules of Evidence. **Accordingly, Plaintiff's motion is denied without prejudice.** Plaintiff thus may attempt to offer these documents into evidence at trial.

**#3    Motion to Admit Audio of Video Taped Interview/Defendants' Motion to Exclude**

Plaintiff moves to admit the audio portion of a videotaped interview taken on September 8, 2003, after the incident. ECF No. 156. Plaintiff contends that the audio is relevant to show if proper procedure was followed, and to show Plaintiff's emotional, mental, and physical condition near the time of the incident under Rule 803(3) of the Federal Rules of Evidence. Plaintiff contends that Defendant Curtiss failed to follow proper procedure to conceal witnesses and cover up officer misconduct. Plaintiff thus intends to use the audio as impeachment evidence.

Defendants filed their own motion in limine to exclude the audio portion of the interview. ECF No. 147. Defendants concede that the video portion of the videotaped interview is relevant to show Plaintiff's physical condition on September 8, 2003. However, Defendants contend that the audio portion contains inadmissible hearsay, in which Plaintiff testifies regarding the statements of non-parties. Defendants also contend that Defendant Curtiss's alleged failure to ask all the interview questions required by policy is not relevant to whether he allegedly used on excessive force on Plaintiff. Defendants finally contend that Plaintiff did not address his emotion or mental condition during the interview, and that he may testify to such matters without use of the inadmissible hearsay.

**Ruling:** Plaintiff may testify as to his emotional and mental condition without the audio portion of the interview. The audio portion is otherwise inadmissible hearsay. To the extent that the audio portion may be used for impeachment, the Court cannot make a determination at this time. **Accordingly, Plaintiff's motion is denied.**

//

---

Defendants on the day of trial.

3

## II. Defendants' Motion In Limine

### #1 Exclude Plaintiff From Providing Any Medical Opinion Testimony

Defendants move to prohibit Plaintiff from offering any opinions inferences which require medical expertise regarding the nature and extent of Plaintiff's injuries.

Plaintiff does not dispute that he lacks competency to testify as to the diagnosis, opinion, inference, or causation if such testimony requires medical expertise.

**Ruling:** Plaintiff lacks sufficient competency to provide a medical opinion regarding the nature and extent of his injuries. Plaintiff may testify as to his injuries to the extent that such testimony does not require medical expertise. **Accordingly, Defendants' motion is granted.**

### #2 Exclude Audio Portion of Video Taped Interview

**Ruling:** This motion is granted, as stated above.

### #3 Exclude Inadmissible Character Evidence

Defendants move to exclude any inadmissible character evidence regarding Defendants. Plaintiff in his complaint alleged that Defendants previously used excessive force or otherwise mistreated other inmates.

Plaintiff contends that he should be permitted to have inmates Alatorre and Ventura testify regarding Defendants' subsequent alleged use of excessive force against them. Additionally, inmate Kenny Lee would testify as to Defendant Curtiss's character for being involved in incidents of excessive force against inmates.

**Ruling:** Plaintiff's proposed witnesses Alatorre and Ventura were not permitted to testify by a prior order. ECF No. 168. To the extent that inmate Lee would testify as to Defendant Curtiss's character, such testimony amounts to inadmissible character evidence under Rule 404(a) of the Federal Rules of Evidence. **Accordingly, Defendants' motion is granted.**

### #4 Exclude Reference to Kings County Criminal Case

Defendants contend that Kings County criminally charged Plaintiff with assault against Defendant Duncan concerning the incident, but the charges were later dropped. Defendants contend that the probative value of the decision by Kings County to not prosecute the criminal case would be substantially outweighed by the danger of unfair prejudice, confusion of the

1  issues, or misleading the jury. Defendants also contend that the introduction of any evidence
2  regarding the Kings County criminal case will "open the door" to evidence regarding Plaintiff's
3  term of commitment.
4      Plaintiff contends that Defendants' motion is vague and overbroad.  Plaintiff contends
5  that inmate Kenny Lee's testimony may require refreshing of his recollection using a prior
6  prepared investigative report.  Plaintiff also contends that the court transcript of Defendant
7  Duncan's testimony at the preliminary hearing of the criminal case may be admissible.  Plaintiff
8  requests that the Court deny Defendants' request, and reserve judgment until the issue arises
9  during trial.
10 **Ruling:** The Court cannot make a determination at this time as to whether any reference to the
11 criminal case should be excluded. **Accordingly, Defendants' motion is denied, without**
12 **prejudice.**
13 IT IS SO ORDERED.
14 **Dated:  January 22, 2013**          /s/  Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE